### BOECKLING CO v ALEXANDER

Ohio Appeals, 6th Dist, Erie Co

No 381. Decided February 15, 1932

King, Ramsey & Flynn, Sandusky, for plaintiff in error.

Harry F. Payer and John R. Palmer, Cleveland, and J. F. McCrystal, Sandusky, for defendant in error.

portions thereof, including said passage-way, were extremely dark". The evidence apparently dissipated the darkness and changed the claim of negligence to one of too much light. We are not able to find that the defendant was in any respect negligent or responsibe for the injuries sustained by plaintiff.

The judgment is therefore reversed and final judgment is entered for the defendant.

RICHARDS and WILLIAMS, JJ, concur.

## PAHNER et v LECKIE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Nov 2, 1931

LLOYD, J.

Although she says she did not notice it, nevertheless the fact is that there was a lighted 100 watt incandescent bulb directly above the step. There is no evidence tending to show that the floor of the aisle was improperly laid or that the step had been negligently constructed or was in any way defective. Counsel for plaintiff in their brief say "it is true that there was a light directly above this step, but its rays tended to divert her attention from the danger below to the brightness above. No warning of any nature whatsoever was given to the plaintiff—the defendant took no precautions to safeguard her life and limb except through the installation of this misleading and deceiving electric light—and she was left unknowing to learn for the first time of the perilous condition through the sorrow of her injuries." In her petition plaintiff says that "said bathhouse and the various